IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| CHURCH CREEK CONSTRUCTION, LLC, KEVIN MOLONY, and LARRY ELSEY, as Assignor Plaintiffs, | ) ) ) ) | C/A: 2:17-cv-01339-DCN |
| and | ) ) | |
| MEPKIN PLACE HOMEOWNERS ASSOCIATION, LLC, LAVONIA MITCHELL, individually, and on behalf of all others similarly situated, ANDREW BLALOCK, KELLY BLALOCK, BEN YASCHIK, MARTIN YASCHIK, S. EMORY BULL HIOTT, NORMA F. CALLEN, FARZAN SOODAVAR, AVINA ADAMIVAT, ROBERT P. LEDFORD, JR., CHRISTOPHER MIMS, PATRICK J. MALLARD, ERIC CROTTS, MARY GRAY, NICHOLAS HARGREAVES, JANE F. MITCHELL, JOSHUA SEARS, JULIUS MCMILLAN, LINDA MCMILLAN, STEPHANIE SLAN, AND PATRICK J. MALLARD, as Assignee Plaintiffs, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO COUNT I AGAINST MT. HAWLEY INSURANCE COMPANY |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| MT. HAWLEY INSURANCE COMPANY, ESSEX INSURANCE COMPANY, EVANSTON INSURANCE COMPANY, WOOD SPECIAL RISK BROKERS, LLC, and INSURANCE OFFICE OF AMERICA, INC., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiffs submit the following in support of Plaintiffs' motion for summary judgment as to Count I against Defendant Mt. Hawley Insurance Company. Mt. Hawley Insurance Company issued two commercial general liability insurance policies and two excess policies providing Products-Completed Operations Hazard coverage which included "property damage" occurring

away from premises Church Creek owned or rented and arising out of Church Creek's "product" or Church Creek's "work." The policies covered from October 18, 2005 to October 18, 2006 and October 18, 2006 through October 18, 2007. The commercial general liability policies each provided Products-Completed Operations coverage of $1,000,000 and an excess policy provided $2,000,000 coverage, for a total of $3,000,000 per year, or $6,000,000 in the two year period for the Products-Completed Operations limits of insurance. Church Creek performed work at the Mepkin Place during this period (Exhibit 1) and, as a result of the defective work and/or products, litigation ensued and a judgment against Church Creek in the amount of $33,802,988 was issued by the Court of Common Pleas for Charleston County on July 22, 2016. Thereafter this litigation ensued in which Plaintiffs contend that the insurance policies issued to Church Creek provide coverage for the judgment entered against Church Creek. Defendant Mt. Hawley contends that the insurance policies issued contain exclusions for damages arising out of property damage attributed to products or completed operations. Plaintiffs respectfully submit that notwithstanding the purported exclusions the policies at issue do provide coverage for the judgment rendered against Church Creek.

## BACKGROUND

Mt. Hawley issued policies denominated in paragraph 8 of its answer and affirmative defense to Plaintiff's Second Amended Complaint. These policies are attached to Defendant Mt. Hawley's answer as Exhibit "A", "B", "C" and "D". (See Entry No. 92, paragraph 8, Entry No. 92-1 (Exhibit "A" – commercial general liability policy 10/18/2005 – 10/18/2006), Entry 92-2 (Exhibit "B" – excess liability policy 10/18/2005 – 10/18/2006), Entry No. 92-3 (Exhibit "C" – commercial general liability policy 10/18/2006 – 10/18/2007), and Entry No. 92-4 (Exhibit "D" – excess liability policy 10/18/2006 – 10/18/2007). The pertinent portions of these policies are

attached to this memorandum as Exhibit 2.  Exhibit 2 also includes the pertinent portions of a

substantially similar policy issued by Mt. Hawley to Carriage Hill Associates of Charleston

LLC.[1]  As to the judgment for which Plaintiffs seek coverage, Mt. Hawley has admitted, upon

information and belief, that the final judgment resulted from conduct of Church Creek and craves

reference to the judgment and contents thereof which is attached to the Second Amended

Complaint and attached hereto as Exhibit 3.  (Entry No. 92, paragraph 9).

As shown in Exhibit 1 attached hereto and the policies attached to Defendant's answer,

the policies issued to Church Creek Construction Company, LLC (hereinafter Church Creek)

provided Products-Completed Operations Aggregate Limit of $1,000,000 for each commercial

liability policy and $2,000,0000 for each excess policy.[2]  These policies provide that Mt. Hawley

Insurance Company

> will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "*property damage*" to which this insurance applies. (emphasis added)

> The limits of insurance shown for Products Completed Operations states that this limit

> is the most we (Mt. Hawley) will pay under COVERAGE A for damages because of "bodily injury" and "*property damage*" included in the "products-completed operations hazard." (emphasis added)

> The policy provides that

> "Products-completed operations hazard" includes all "bodily injury" and "*property damage*" occurring away from premises you own or rent and arising out of "your product" or "your work"… (emphasis added).

---

[1] This Mt. Hawley policy is attached for comparison inasmuch as this is the policy submitted in Civil Action Number 2010-CP-08-4318 in the Court of Common Pleas for the Ninth Judicial Circuit in Berkeley County, South Carolina. Judge Roger Young issued an order concerning this policy (Entry No. 80-1) which was later vacated when a settlement was reached between Mt. Hawley and Plaintiffs in the Berkeley County action.

[2] These policies are attached (Exhibit 2) in small print on one page and following the page highlighted portions are enlarged.

"Your Product" is defined as

> any goods or products other than real property, manufactured, sold, handled, distributed or disposed of by you

and also includes

> containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products. The product includes warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of your product.

> "Your work" is defined as

> work or operations performed by you or on your behalf, including but not limited to work by contractors or subcontractors directly or indirectly on your behalf; and materials, parts or equipment furnished in connection with such work or operations. Your work includes warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of your work.

The policy also provides supplementary payments to include all interests on the full amount of any judgment that accrues after entry of the judgment and before we (Mt. Hawley) have paid, offered to pay, or deposited in the court the part of the judgment that is within the applicable limits of insurance.

After unequivocally providing coverage as shown above for products completed operations property damage the policy then attempts to exclude (Exclusion H) damage to property to that part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf have performed or are performing operations, if the "property damage" arises out of those operations; or any property that must be restored, repaired or replaced because "your work" was incorrectly performed, (Exclusion I) damage arising out or your product which purports to exclude "property damage" to "your product" or any other property arising out of or in any way related to "your product" or any part of it and (Exclusion J) which purports to exclude damage arising out of your work to include "property damage" to "your work" or any other property, arising out of or in any way related to "your work" or any

4

part of it.  Exclusions I and J also state that these exclusions only apply to "property damage" included in the "products-completed operations hazard."

It is to be noted that the declaration page shows $1,000,000 Product-Completed Operation coverage and the policy provides that Product-Completed Operations includes "property damage". Mt. Hawley's policies, written by Mt. Hawley, do not follow the 1988 Insurance Services Office, Inc. (ISO) suggestion to "enter a zero (0)" or the words "coverage does not apply" on the declaration page or any suitable language to indicate a lesser amount of coverage for Products Completed Operations. (Exhibit 4)[3]

Thus, the purported exclusions attempt to exclude property damage for products completed operations hazards, the very coverage which is provided in the insuring clauses of the policy.

## ANALYSIS

Under South Carolina law, insurance contracts are subject to "the general rules of contract construction."  *Goldstston v. State Farm Mut. Auto. Ins. Co.*, 358 S.C. 157, 170, 594 S.E.2d 211 (2004) citing *Hansen ex rel. Hansen v. United Auto. Ass'n*, 350 S.C. 62, 68, 565 S.E.2d 114, 116 (Ct. App. 2002). "[A] contract is ambiguous when it may fairly and reasonably be understood in more ways than one."  *Universal Underwriters Ins. Co. v. Metro. Prop. & Life Ins. Co.*, 298 S.C. 404, 407, 380 S.E.2d 858, 850 (Ct. App. 1989).  "Where language used in an insurance contract is ambiguous, or where it is capable of two reasonable interpretations, that construction which is most favorable to the insured will be adopted."  *Poston v. Nat'l Fid. Life Ins. Co.,* 303 S.C. 182, 187, 399 S.E.2d 770, 772 (1990).  "Ambiguous or conflicting terms in an

---

[3] It is noteworthy that the declaration page of the policy at issue includes a note stating the policy "Includes copyrighted material of Insurance Services Office, Inc. with permission. Copyright Insurance Services Office, Inc., 1982, 1984."

insurance policy must be construed liberally in favor of the insured and strictly against the insurer." *Spinx v. Fed. Mut. Ins. Co.*, 310 S.C. 477, 427 S.E.2d 649 (1993) (emphasis added). Indeed, "If there conceivably be any doubt [regarding ambiguity or conflict], the doubt or ambiguity, of course has be resolved against the defendant [insurance company]. *Millstead v. Life Ins. Co.*, 256 S.C. 499,182 S.E.2d 867 (1971).

Moreover, an "internal inconsistency created by an exclusion which purports to bar coverage for claims arising out of the very operation sought to be insured renders the policy ambiguous, and [the court] must resolve that ambiguity in favor of coverage." *Ise of Palms Pest v. Monticello Ins. Co.,* 319 S.C. 12, 459 S.E.2d 318 (Ct. App. 1994). Further, as this Court recognized in *Canopius U.S. Insurance, Inc. v. Middleton,* 202 F. Supp. 3d 540 (DSC 2016) while the *Isle of Palms* characterized its holding in terms of "ambiguity", the same principle can be seen in *Bell v. Progressive Direct Insurance Company*, 757 S.E.2d 399, 407 (S.C. 2014). In *Bell* the court addressed the "reasonable expectations" doctrine as follows:

> "The court will look to the reasonable expectations of the insured at the time when the contract is entered if the terms thereof are ambiguous or conflicting or if the policy contains a hidden trap or pitfall or a fine print takes away that which has been given by the large print."

The reasonable expectation doctrine applies when the language of the contract is somehow unclear. As also set forth in *South Carolina Farm Bureau Mutual Insurance v. Kennedy* the court held that:

> "The literal interpretation of the policy will be rejected where its application would lead to unreasonable results and the definitions are written would be so narrow as to make coverage merely illusory." 730 S.E.2d 862,687 (S.C. 2012)

Thus, an insurance contract which is in any respect ambiguous or capable of two meanings must be construed in favor of the insured and the rules of construction requires exclusionary clauses to be narrowly interpreted.

As to the exclusions, they are always construed most strongly against the insurer; *Boggs*, 272 S.C. 460, 252 S.E.2d 565, with the insurer bearing the burden of establishing the exclusion. *Id.* Therefore, the burden is on Mt. Hawley to prove that their exclusions apply, and those exclusions are strongly construed against Mt. Hawley.

In this case, Mt. Hawley's policies state in the insuring agreements that Mt. Hawley will pay those sums the insured becomes legally liable to pay as damages because of "bodily injury" or "property damage" to which the insurance applies. Mt. Hawley then attempts to take away all coverage for "property damage" for Products-Complete Operations by the use of exclusions set forth above. However, Mt. Hawley has not identified any evidence, witness or expert in response to Plaintiff's discovery (Interrogatories and Request to Produce) to meet its burden to prove that the alleged exclusions are applicable. Nor can the exclusions legally exclude the very coverage provided.

Here, the policy insuring agreement, declarations page, limits of insurance and definitions provides property damage coverage for Products-Completed Operations, which conflict with exclusions argued by Mt. Hawley.[4] A reasonable reading of the policy leads to an interpretation that on the one hand there is coverage for property damage for products completed operations and on the other hand there is no coverage at all for property damage for products completed operations. The policy is, therefore, ambiguous requiring a conclusion that "property damage" for products completed operations is covered under the policy.[5] Based on the insuring agreement and the supplementary payments coverage Mt. Hawley is therefore responsible for the limits of

---

[4] See Entry Number 92-6, Page 2 of 4, Letter from Mt. Hawley contending "This policy does not provide any coverage …arising out of property damage attributed to products or completed operations."

[5] Plaintiffs submit Judge Young's interpretation of the policy language as set forth in his original order (Entry No. 80-1) is reasonable. Judge Young's construction, most favorable to coverage, is therefore persuasive that the policy contains conflicting language and is ambigious.

insurance under the policy and interest on the $33,802.988 judgment from July 22, 2016 at 7.5% (See SC Code §34-31-20).

For the foregoing reasons as well as any which may be advanced upon any hearing held hereon, Plaintiffs respectfully submit that the within motion for summary judgment as to Count 1 against Mt. Hawley Insurance Company should be granted and judgment entered in favor of Plaintiffs against Mt. Hawley in the amount of $6,000,000 plus interest on the judgment from July 22, 2016 at 7.5 %, compounded annually.

Respectfully submitted,

By: s/Gedney M. Howe, III
Gedney M. Howe, III (Fed Bar # 1971)
Law Offices of Gedney M. Howe, III, P.A.
P.O. Box 1034
Charleston, SC  29402-1034
Telephone: 843-722-8048
Fax:   843-722-2140
kleroy@gedneyhowe.com

John C. Hayes, IV (Fed Bar # 69740)
Hayes Law Firm, LLC
180 Meeting Street, Ste. 330
Charleston, SC  29401
Telephone:  843-805-7003
Fax:  843-720-5999
jhayes@hayeslaw.org

Keith McCarty (Fed Bar # 06918)
McCarty Law Firm, PC
1212 Wappoo Road
Charleston, SC  29407
Phone:  843-793-1272
ikeithmccarty@gmail.com

Daniel S. Slotchiver (Fed Bar # 6106)
Slotchiver & Slotchiver, LLP
44 State Street
Charleston, SC  29401
Phone:  843-577-6531
dan@slotchiverlaw.com

ATTORNEYS FOR JUDGMENT CREDITORS
AND ASSIGNEE PLAINTIFFS MEPKIN PLACE
HOMEOWNERS ASSOCIATION, LLC,
LAVONIA MITCHELL, INDIVIDUALLY, AND
ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED, ANDREW BLALOCK, KELLY
BLACLOCK, BEN YASCHIK, MARTIN
YASCHIK, S. EMORY BULL HIOTT, NORMA
F. CALLEN, FARZAN SOODAVAR, AVINA
ADAMIVAT, ROBERT P. LEDFORD, JR.,
CHRISTOPHER MIMS, PATRICK J. MALLARD,
ERIC CROTTS, MARY GRAY, NICHOLAS
HARGREAVES, JANE F. MITCHELL, JOSHUA
SEARS, JULIUS MCMILLAN, LINDA
MCMILLAN, STEPHANIE SLAN, AND
PATRICK J. MALLARD

and

Thomas B. Pritchard (Fed Bar # 5964)
Parker Nelson & Associates
211 King Street, Ste. 107
Charleston, SC  29401
Telephone:  843-727-2500
Fax:  843-727-2599
tpritchard@pnalaw.net

ATTORNEY FOR ASSIGNOR PLAINTIFFS
CHURCH CREEKCONSTRUCTION, LLC,
KEVIN MOLONY ANDLARRY ELSEY

December 20, 2019