IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| CHURCH CREEK CONSTRUCTION, LLC, KEVIN MOLONY, and LARRY ELSEY, as Assignor Plaintiffs, | ) ) ) ) | C/A: 2:17-cv-01339-DCN |
| AND | ) ) ) | |
| MEPKIN PLACE HOMEOWNERS ASSOCIATION, LLC; LAVONIA MITCHELL, Individually and on behalf of all other similarly situated, ANDREW BLALOCK, KELLY BLALOCK, BEN YASCHIK, MARTIN YASCHIK, S. EMORY BULL HIOTT, NORMA F. CALLEN, FARZAN SOODAVAR, AVINA ADAMIVAT, ROBERT P. LEDFORD, JR., CHRISTOPHER MIMS, PATRICK J. MALLARD, ERIC CROTTS, MARY GRAY, NICHOLAS HARGREAVES, JANE F. MITCHELL, JOASHUA SEARS, JULIUS MCMILLAN, LINDA MCMILLAN, STEPHANIE SLAN AND PATRICK J. MALLARD, as Assignee Plaintiffs, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **AFFIDAVIT OF ROBERT T. LYLES, JR.** |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| MT. HAWLEY INSURANCE COMPANY; ESSEX INSURANCE COMPANY, EVANSTON INSURANCE COMPANY, WOOD SPECIAL RISK BROKERS, LLC; and INSURANCE OFFICE OF AMERICA, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**PERSONALLY APPEARED** before me the undersigned, who, under oath, testifies and says the following:

1. My name is Robert T. Lyles, Jr;

2. I am over the age of eighteen (18) years and am fully competent to testify as to the matters stated in this affidavit and I make this declaration based upon my own personal knowledge;

3. I am counsel of record for Mt. Hawley Insurance Company ("Mt. Hawley") in this civil action;

4. The issue of whether certain claims belonging to Church Creek Construction, LLC ("Church Creek"), including but not limited to bad faith, were brought within the applicable statute has been contested by Mt. Hawley consistently throughout this litigation and a motion for judgment on the pleadings seeking dismissal of Plaintiffs' claim for bad faith is currently pending before this Court;

5. The parties and the Court have acknowledged that whether Plaintiffs may pursue a claim for bad faith will have a significant impact on the scope of discovery in this matter; therefore, no depositions have been taken by any party in this action to date while the parties await a decision on this issue from the Court;

6. This is reflected in the current scheduling order entered in this action, reflects the impact of the Court's decision on the issue of the statute of limitations, as it indicates that the defendants' deadlines to name experts is contingent on the date this Court rules on the pending motion and indicates that other scheduling issues will be addressed after the Court rules on these motions;

7. Plaintiffs have filed a motion for summary judgment where Plaintiffs seek a declaration of coverage in this matter relying on affidavits made by Church Creek's representative, Kevin Molony, and Plaintiff's expert, Bryan Tilden;

8. At this time Mt. Hawley has not deposed Mr. Molony or Mr. Tilden as the parties are awaiting a ruling by the Court on the issue of the statute of limitations;

9. To fully respond to the all of the assertions in Plaintiffs' motion for summary judgment, the deposition of Mr. Molony is necessary to determine issues including but not limited to (1) the basis for his assertions as to Church Creek's expectations regarding coverage by the Mt. Hawley insurance policies at issue in this matter; (2) the facts relating to the procurement of the policies; (3) the nature, extent, and duration of the agreement by which Church Creek and other Plaintiffs' are jointly pursuing the claims in this lawsuit.

FURTHER YOUR AFFIANT SAYETHER NAUGHT.

_____
Robert T. Lyles, Jr.

Sworn to and subscribed to before me this

__3__ day of __January__, 20_20_

_____

NOTARY PUBLIC FOR SOUTH CAROLINA

__J. Cerone__
(Name)

__9/3/25__
Commission Expiration