IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISON

| | | |
|---|---|---|
| CHURCH CREEK CONSTRUCTION, LLC, | ) | C/A: 2:17-cv-01339-DCN |
| KEVIN MOLONY, and LARRY ELSEY, as | ) | |
| Assignor Plaintiffs, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MEPKIN PLACE HOMEOWNERS | ) | |
| ASSOCIATION, LLC, LAVONIA MITCHELL, | ) | |
| individually, and on behalf of all others similarly | ) | |
| situated, ANDREW BLALOCK, KELLY | ) | |
| BLALOCK, BEN YASCHIK, MARTIN | ) | |
| YASCHIK, S. EMORY BULL HIOTT, NORMA | ) | |
| F. CALLEN, FARZAN SOODAVAR, AVINA | ) | |
| ADAMIVAT, ROBERT P. LEDFORD, JR., | ) | |
| CHRISTOPHER MIMS, PATRICK J. MALLARD, | ) | |
| ERIC CROTTS, MARY GRAY, NICHOLAS | ) | |
| HARGREAVES, JANE F. MITCHELL, JOSHUA | ) | |
| SEARS, JULIUS MCMILLAN, LINDA | ) | |
| MCMILLAN, STEPHANIE SLAN, AND | ) | |
| PATRICK J. MALLARD, as Assignee Plaintiffs, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MT. HAWLEY INSURANCE COMPANY, | ) | |
| ESSEX INSURANCE COMPANY, | ) | |
| EVANSTON INSURANCE COMPANY, | ) | |
| WOOD SPECIAL RISK BROKERS, LLC,  and | ) | |
| INSURANCE OFFICE OF AMERICA, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFFS' REPLY TO DEFENDANT MT. HAWLEY INSURANCE COMPANY'S RESPONSE TO PLAINTFFS' MOTION FOR SUMMARY JUDGMENT**

Responding to Defendant Mt. Hawley's opposition to Plaintiffs' motion for summary judgment Plaintiffs would first point out that Mt. Hawley, while recognizing an order was issued by Judge Roger Young in Civil Action Number 2010-CP-08-4318 (ECF 80-1) as set forth in

1

footnote 1 of Defendant Mt. Hawley's opposition, never disputes that the policy considered by Judge Young contains identical language to the Mt. Hawley policies at issue here. Neither does Mt. Hawley specifically refute the factual and legal conclusions in that order. Rather, Mt. Hawley only points generally to its Rule 59 motion stating "it is true this order was vacated after settlement terms were reached." Thus, it appears very clear that the vacating of the order was "after the settlement terms were reached" and, thus, vacating the order appears very strongly to have been agreed upon in connection with the settlement.

For that reason, Plaintiffs submit that even though the factual and legal findings are not *res judicata* and/or carry no preclusive effect, the order can be considered, and Plaintiffs submit Judge Young's order is persuasive because it considers identical issues raised by Defendant Mt. Hawley in this case and rejected by Judge Young.

Judge Young first states the insuring agreement reads (as it does here) as follows:

We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or '**property damage**' to which the insurance applies. (Entry Number 80-1, p. 8 of 46).

Judge Young also found Mt. Hawley used a standard ISO declaration page for each of the four policies involved in that case. (Entry Number 80-1, p. 8 of 46). Likewise, a standard ISO declaration page was used in the present case. (See Entry Number 92-1, p. 3 of 34, and Entry Number 92-3, p. 4 of 36). Judge Young's order provides "the declaration page is a part of the policy and contains information and terms that are not contained anywhere else in the insurance policies." (Entry Number 80-1, p. 8 of 46). Judge Young's order further provides

The types and Limits of Insurance stated on the declarations page for each of the four policies were as follows:

- General Aggregate Limit (Other Than Products Comp. Ops.) - $2,000,000.00
- Products-Completed Operations Aggregate Limits - $1,000,000.00

- Personal and Advertising Injury - $1,000,000.00
- Each Occurrence Limit - $1,000,000.00
- Damage to Premises you Rent - $50,000.00
- Medical Expense Limit - $5,000.00

(Entry Number 80-1, p. 8 of 46)

These are exactly the same provisions as set forth in the policies in this case.

Judge Young's order further provides (as it does here) as to limits for products completed operations coverage

The products completed operations aggregate limit is the most we will pay under coverage A for damages because of "bodily injury" and "**property damage**" included in the products completed operations hazard…" (Entry number 80-1, pp. 9-10 of 46)

Both the policy considered by Judge Young and the policy in this case provide that products-completed operations hazard includes "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work." (Entry Number 133-3, p. 9 of 20). The definitions of "your product" and "your work" in Judge Young's case and the present case are found at Entry Number 133-3, p. 11 of 20 – 13 of 20. "Your product" includes meaning goods or products other than real property, manufactured, sold, handled, distributed or disposed of by you and includes materials, parts or equipment furnished in connection with such goods or products and warranties with respect to the fitness, quality, durability, performance or use of your product. "Your work" includes meaning work or operations performed by you or on your behalf directly or indirectly and materials or equipment furnished in connection with such work and includes warranties or representations with respect to the fitness, quality, durability, performance or use of "your work." (Entry Number 133-3, pp. 10-13 of 20).

Both the policy considered by Judge Young and the policies at issue here provide for supplementary payments,  This policy provision requires Mt. Hawley to pay all interest on the full amount of any judgment that accrues after entry of the judgment and before Mt. Hawley has paid,

3

offered to pay, or deposited into the court the part of the judgment that is within the applicable limits of insurance. (Entry Number 80-1, p. 10 of 46, Entry Number 133-3, p. 14-15 of 20).

The exclusions relied upon by Mt. Hawley in this case are the same as those considered by Judge Young as shown in Entry Number 133-3-, p. 16 of 20-20 of 20).

Judge Young found that the four requirements necessary to trigger coverage include having bodily injury or property damage, caused by an occurrence, in the coverage territory, and during the policy period. Judge Young found that the Plaintiff met the four requirements of the insuring agreement. (Entry Number 80-1, p. 7 pf 46).

Judge Young's order further goes on to provides as follows

> "[A] contract is ambiguous when it may fairly and reasonably be understood in more ways than one." *Universal Underwriters Ins. Co. v. Metro. Prop. & Life Ins. Co.,* 298 S.C. 404, 407, 380 S.E.2d 858, 860 (Ct. App. 1989). "Where language used in an insurance contract is ambiguous, or where it is capable of two reasonable interpretations, that construction which is most favorable to the insured will be adopted." *Poston v. Nat'l Fid. Life Ins. Co.*, 303 S.C. 182, 187, 399 S.E.2d 770, 772 (1990). "**Ambiguous** or **conflicting** terms in an insurance policy must be construed liberally in favor of the insured and strictly against the insurer." *Spinx. V. Fed. Mut. Ins. Co.*, 310 S.C. 477, 427 S.E.2d 649 (1993) emphasis added). Indeed, "If there conceivably be any doubt [regarding ambiguity or conflict], the doubt or ambiguity, of course has to be resolved against the defendant [insurance company], *Millstead v. Life Ins. Co.*, 256 S.C. 499, 182 S.E.2d 867 (1971).
> "The internal inconsistency created by an exclusion which purports to bar coverage for claims arising out of the very operation sought to be insured renders the policy ambiguous, and [the court] must resolve that ambiguity in favor of coverage." *Isle of Palms Pest v. Monticello Ins. Co.,* 319 S.C. 12, 459 S.E.2d 318 (Ct. App. 1994).
> (Entry Number 80-1, pp. 11-12 of 46)

As in the present case, Judge Young also considered Mt. Hawley's position that exclusions h(5), h(6) and j justified a denial of the duty to indemnify. Judge Young sets forth as follows

> The first Mt. Hawley policy ('05-'06) states in the insuring agreement that it will pay those sums that the insured becomes legally liable to pay as damages "because of 'bodily injury' or 'property damage' to which this insurance applies." (Pl Ex. 10). Mt. Hawley then attempts to take away all coverage for "property

4

damage" by the use of exclusions h(5), h(6) and j. (Entry Number 80-1, p. 14 of 46).

* * *

I find based upon reading the first policy itself that its insuring agreement, declarations page, the Limits of Insurance, and definitions conflict with the exclusions applied by Mt. Hawley. On the one hand, there is coverage for property damage and on the other there is no coverage at all for property damage. **The policy is, therefore, ambiguous, and this Court concludes that "property damage" is covered under the policy**….Based upon the Insuring Agreement and the Supplementary Payments coverage, Mt. Hawley is therefore responsible for the full …amount of the post judgment interest…Moreover, Mt. Hawley is responsible for indemnification up to the policy limits… (Entry Number 80-1, pp. 15-16 of 46, emphasis added).

The order of Judge Young refutes the argument of Mt. Hawley, that because the plain language of the exclusions upon which Mt. Hawley relies clearly properly exclude coverage for "property damage" for products completed operations there is no ambiguity. (Entry Number 136, pp. 6-7). Rather, as shown above, Judge Young's order makes it clear that precisely because the exclusions (improperly under *Isle of Palms v. Monticello supra),* attempt to exclude such coverage an ambiguity in the policy as a whole is created because the exact coverage which the exclusions attempts to totally exclude are the exact coverage provided in the insuring clause. Moreover, it is very persuasive that Judge Young interpreted the language of the policy of being capable of two reasonable interpretations, one giving coverage, and one taking the very coverage away. Accordingly, the construction most favorable to the insured is required under South Carolina law as set forth in Judge Young's order quoted above.

In addition to the above, the doctrine of reasonable expectations is applicable in this action and the facts do support coverage under this theory. In this connection it should be pointed out that while Defendant contends that the definitions in the policy are not by themselves a grant of coverage, (Entry Number 136, p. 12 of 29), Plaintiffs submit that the definition of products

5

completed operations including all bodily injury and "property damage" arising out of your product or your work certainly would give a reasonable insured the expectation that products completed operations coverage would cover "property damage" arising out of the insured's product or work. Furthermore, the argument of Mt. Hawley itself that the definitions are not by themselves a grant of coverage shows that these definitions are a hidden trap or pitfall if the policy really did not cover property damage arising out of the insured's product or work in the amount indicated on the declaration page. While Defendant may contend that there is no need to limit the amount of coverage on the declarations page, the circular attached to the affidavit of R. Bryan Tilden, Exhibit B, Entry Number 133-5, clearly shows that Mt. Hawley could have entered a "Zero" as to property damage for products completed operations and/or included any other suitable language to show the actual coverage for products completed operation hazards.

Mt. Hawley also contends that its exclusions are enforceable and that Mt. Hawley provided notice of the fact that no property damage coverage was included in the policy at the time it quoted the policies by providing a letter to Wood Special Risk Brokers stating

> This policy does not provide any coverage…arising out of property damage attributed to products or completed operations. (Entry Number 92-6, p. 2 of 4)

The mere fact, however, that Mt. Hawley determined it was necessary to send a separate letter to the wholesale broker that the policy provided no "property damage" coverage for products completed operations makes it clear that the policy itself did not make it clear that the policy did not provide that coverage. If the policy was clear and unambiguous it would have been unnecessary to send a separate letter[1] to inform the broker.

As to Defendant's further claim that Plaintiffs cannot establish that any damage found in the judgment occurred during the time covered by the Mt. Hawley policies, Plaintiffs would note

---

[1] This letter, of course, is not part of the insurance policy Mt. Hawley issued.

that a letter of Lyles & Lyles dated August 28, 2012, (Entry Number 92-7, p. 1 of 10) clearly states the date of loss in this matter was August 22, 2006, a date within the policy period as shown in the letter itself.  Mt. Hawley's policies ran from October 18, 2005 to October 18, 2006 and October 18, 2006 to October 18, 2007.  Additionally, the Affidavit of Kevin Molony clearly states that the insured performed work at Mepkin Place properties during both policy periods (Entry Number 133-2, p. 3 of 3).[2]

As to Mt. Hawley's contention that there are other provisions or exclusions that preclude judgment for summary judgment, Mt. Hawley does recognize that it bears the burden to prove that the exclusions apply.  Nevertheless, they claim that Plaintiffs must meet an additional burden of proving that Mt. Hawley lacks any evidence as to applicability of these exclusions.  As shown in footnote 1, particularly Exhibit A, Mt. Hawley has provided no witness to establish its burden of providing coverage and therefore there is a lack of evidence as to the applicability of these exclusions.

For example, the contention that coverage is precluded by the continuous or progressive injury and damage exclusion, that exclusion simply excludes property damage which existed prior to the inception of the policy.  In this case all of the damage was caused after the inception of the policies.

---

[2] Defendant later contends that summary judgment may not be awarded as discovery is not complete and that it would be improper to consider this affidavit because Mr. Molony has not been deposed. Plaintiffs would point out that the scheduling order in this case provided for discovery to end in December 2019.  While it is true that an order of this court was issued on August 1, 2019 (Entry Number 121) stating that Defendant shall have 30 days following the order on the ruling of the pending motions for judgment on the pleadings to make the expert designation, this order did not extend the time for discovery and there was nothing to prevent Defendants from engaging in discovery.  In fact, the motion for judgment on the pleadings only related to the bad faith portion of this claim, not to the declaration as to coverage. In addition, as shown on Exhibit A which is attached, Defendant has not provided any information as to any witness to refute Mr. Molony's affidavit.  Additionally, it should be noted that Defendant Mt. Hawley has not provided any witnesses in support of their defenses including any witness to show that any of their exclusions apply in this case.

As to Mt. Hawley's claim that the judgment in violation of the SCUPTA precludes coverage, even if that were correct, there is still a $11,000,000 underlying judgment and the Mt. Hawley coverage only provides $6,000,000 plus the interest on the judgment until the time Mt. Hawley pays its coverage.  Accordingly, Mt. Hawley's coverage is not precluded because of a SCUPTA treble damage award.  Moreover, the treble damage award does arise out of the insured's product or work and, is therefore covered as shown above and in Plaintiffs' primary motion for summary judgment.  As to Mt. Hawley's claim that the Plaintiffs' claims directly or indirectly arise out of a breach of contract, it is obvious from the order awarding judgment it is clearly a judgment based on negligence.  The judgment finds that Church Creek owed a duty to perform their work in a proper and non-negligent manner and that Church Creek breached that duty resulting in damages.  This states a classic claim for negligence, not breach of contract.  Moreover, any claim that warranties are excluded is in conflict with the products completed operation hazards definition which includes property damage for your product or your work.  Your product and your work also include warranties or representations with respect to the fitness, quality, duration, performance or use of your product and/or your work.  Accordingly, even if this provision did apply, it creates an ambiguity taking away the very coverage provided and is therefore unenforceable.

Mt. Hawley's is incorrect that the judgment is not enforceable.  The judgment is enforceable.  There is no evidence in the record and, in fact, the judgment itself shows that Church Creek is the judgment debtor and will remain so for ten years after the entry of the judgment.  There is no satisfaction of judgment of record and no other document showing that Church Creek

is no longer responsible for the payment of this judgment.[3]   Accordingly, the judgment is enforceable.  Moreover, the Mepkin Plaintiffs as judgment creditors, aside from being assignees, are entitled to enforce this judgment for the partial payment of the entire judgment owed to them by Church Creek.

As to Mt. Hawley's final contention that the excess policy judgment is not triggered because there is no obligation under the Mt. Hawley policies to pay the judgment and that Plaintiffs would have to establish that the Mt. Hawley policies were exhausted by payment before coverage under the excess policies could be triggered, Plaintiffs would respectfully submit that the amount of the judgment itself and the amount of coverage provided shows that the Mt. Hawley policy does provide coverage and thus the excess policy does as well.  Further, the amount of the judgment also shows that the amount of the judgment is in excess of the Mt. Hawley policies and therefore the excess policies are triggered.

For the foregoing reasons as well as those set forth in Plaintiffs' original motion for summary judgment as well as any which may be advanced upon any hearing held hereon, Plaintiffs respectfully submit that Plaintiffs' motion for summary judgment should be granted.

Respectfully submitted,

By: s/Gedney M. Howe, III
Gedney M. Howe, III (Fed Bar # 1971)
Law Offices of Gedney M. Howe, III, P.A.
P.O. Box 1034
Charleston, SC  29402-1034
Telephone: 843-722-8048
Fax:   843-722-2140
kleroy@gedneyhowe.com

---

[3] The Assignment to Assignee Plaintiffs specifically provides that the Assignee Plaintiffs "shall credit any net proceeds recovered…against the judgment entered…against Church Creek," not that the Assignment "satisfied" the entire judgment.  (Entry 62-1, paragraph 5, p. 5 of 7)

John C. Hayes, IV (Fed Bar # 69740)
Hayes Law Firm, LLC
180 Meeting Street, Ste. 330
Charleston, SC  29401
Telephone:  843-805-7003
Fax:  843-720-5999
jhayes@hayeslaw.org
Keith McCarty (Fed Bar # 06918)
McCarty Law Firm, PC
1212 Wappoo Road
Charleston, SC  29407
Phone:  843-793-1272
ikeithmccarty@gmail.com

Daniel S. Slotchiver (Fed Bar # 6106)
Slotchiver & Slotchiver, LLP
44 State Street
Charleston, SC  29401
Phone: 843-577-6531
dan@slotchiverlaw.com

ATTORNEYS FOR JUDGMENT CREDITORS AND ASSIGNEE PLAINTIFFS MEPKIN PLACE HOMEOWNERS ASSOCIATION, LLC, LAVONIA MITCHELL, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, ANDREW BLALOCK, KELLY BLACLOCK, BEN YASCHIK, MARTIN YASCHIK, S. EMORY BULL HIOTT, NORMA F. CALLEN, FARZAN SOODAVAR, AVINA ADAMIVAT, ROBERT P. LEDFORD, JR., CHRISTOPHER MIMS, PATRICK J. MALLARD, ERIC CROTTS, MARY GRAY, NICHOLAS HARGREAVES, JANE F. MITCHELL, JOSHUA SEARS, JULIUS MCMILLAN, LINDA MCMILLAN, STEPHANIE SLAN, AND PATRICK J. MALLARD

and

10

Thomas B. Pritchard (Fed Bar # 5964)
Parker Nelson & Associates
211 King Street, Ste. 107
Charleston, SC  29401
Telephone:  843-727-2500
Fax:  843-727-2599
tpritchard@pnalaw.net


ATTORNEY   FOR   ASSIGNOR   PLAINTIFFS
CHURCH     CREEKCONSTRUCTION,     LLC,
KEVIN MOLONY ANDLARRY ELSEY

January 27, 2020

11